o

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLEN RHEA PAJIMULA QUIZON, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>TARGET, entity type unknown; and DOES 1 THROUGH 50, Inclusive<br><br>  Defendants. | 2:17-cv-07110-RSWL-JEM<br><br>**ORDER re: Plaintiff's Motion to Remand** [9] |

　　Currently before the Court is Plaintiff Ellen Rhea Pajimula Quizon's ("Plaintiff") Motion to Remand to State Court ("Motion") [9]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

///

///

1

# I. BACKGROUND

## A. Factual Background

Plaintiff is an individual residing in Los Angeles, California. First Am. Compl. ("FAC") ¶ 1, ECF No. 1-2. Defendant Target Corporation ("Target") is incorporated under the laws of Minnesota, with its principal place of business in Minnesota. Notice of Removal ¶ 7, ECF No. 1. Plaintiff alleges that on June 26, 2015, Plaintiff entered the Target store in Pasadena, California (the "Premises"), slipped on a liquid substance on the floor, and fell to the ground, sustaining injuries. FAC ¶¶ 6, 10. Plaintiff alleges that Target's negligence caused Plaintiff to suffer mental and physical injuries, pain and suffering, and emotional distress. Id. ¶ 14.

## B. Procedural Background

Plaintiff filed her Complaint [1-1] in the Superior Court of California for the County of Los Angeles on June 14, 2017. Plaintiff filed her First Amended Complaint ("FAC") on July 21, 2017, omitting the "Failure to Warn" cause of action. See id.

Plaintiff claims that over a year before she filed her Complaint, she lost the Guest Incident Report related to her injury. Pl.'s Reply in Supp. of Mot. to Remand ("Reply") 4:5-8, ECF No. 11. Plaintiff claims that she was served with Target's discovery responses, which included Target employee Janelle Glen's ("Glen") name and position, on August 11, 2017. Id. at 4:9-11;

Decl. of Jesse E. French in Supp. of Reply ("French Reply Decl.") ¶ 4, ECF No. 11-1. On September 18, 2017, Plaintiff sent Target her Statement of Damages specifying $1,022,205.06 in total alleged damages. Notice of Removal ¶ 8. On September 19, 2017, the parties' counsel met at an informal discovery conference where Target's counsel proposed a Stipulation to Cap Damages and Remain in State Court ("Stipulation") in lieu of removing to federal court. Id. On September 20, 2017, Plaintiff made a doe amendment to her FAC, naming Glen, who is a resident of California, as a Defendant. Id.; see also id., Ex. F. On September 22, 2017, Plaintiff's counsel e-mailed Target's counsel, stating that he was "[s]till looking into [the Stipulation]. I'll hopefully follow up with you Monday." Notice of Removal ¶ 8.

Target filed its Notice of Removal [1] under diversity jurisdiction on September 26, 2017. Plaintiff filed the instant Motion [9] on October 16, 2017. Target filed its Opposition [10] on October 25, 2017, which was one day late. Plaintiff timely filed her Reply [11] on October 31, 2017.

## II. DISCUSSION

### A. Legal Standard

Title 28 U.S.C. § 1441 "authorizes the removal of civil actions from state court to federal court when the action . . . could have been brought, originally, in a federal district court." Lincoln Prop. Co. v.

Roche, 546 U.S. 81, 83 (2005). An action may be removed on the basis of diversity jurisdiction if there is complete diversity, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants."[1] Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris, 236 F.3d at 1067. Under the fraudulent joinder doctrine, "joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Actual fraud is sufficient, but not required, to show fraudulent joinder, as most cases focus on "whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy federal

---

[1] The amount in controversy must also exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. This element of diversity jurisdiction is not at issue in Plaintiff's Motion.

4

jurisdiction.'" <u>Weeping Hollow Ave. Tr. v. Spencer</u>, 831 F.3d 1110, 1113 (9th Cir. 2016)(internal citation omitted).

The defendant seeking removal to the federal court is entitled to present the facts showing the joinder is fraudulent, <u>McCabe</u>, 811 F.2d at 1339, and courts may consider facts beyond the pleadings when fraudulent joinder is raised, <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998). There is, however, a "general presumption against fraudulent joinder," so the party invoking the doctrine of fraudulent joinder bears a "heavy burden." <u>Weeping Hallow Ave. Tr.</u>, 831 F.3d at 1113 (citing <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009)).

A defendant must prove fraudulent joinder by "clear and convincing evidence." <u>Hamilton Materials, Inc. v. Dow Chem. Co.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." <u>Hunter</u>, 582 F.3d at 1044 (internal citation omitted).

**B. <u>Discussion</u>**

As a preliminary matter, Target contends that the Court did not grant Plaintiff leave to amend her FAC to add Glen, thus violating Federal Rule of Civil Procedure 15(a)(2), which governs amendments. Def.'s

5

Opp'n ("Opp'n") 4:20-26, ECF No. 10. However, federal law does not apply to proceedings prior to removal. "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the *future* course of proceedings, notwithstanding state court orders issued prior to removal." Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 437 (1974)(emphasis added); see CTS Printex, Inc. v. Am. Motorists Ins. Co., 639 F. Supp. 1272, 1275 (N.D. Cal. 1986)("Doe pleading is treated as a part of California's substantive limitations rules and binding on the federal courts under Erie R.R. v. Tompkins . . . ."). Plaintiff joined Glen prior to removal,[2] and thus, the amendment is not a "future proceeding" that would require the Court to apply Rule 15(a)(2).[3]

1. <u>Statute of Limitations</u>

Target argues that Plaintiff failed to name Glen as a defendant within the statute of limitations, and thus, any claims against her are time-barred. Opp'n 5:4-9. The statute of limitations for a personal

---

[2] Prior to removal, Plaintiff added Glen in Los Angeles Superior Court using Form LACIV 105, see Reply, Ex. B, which states that no order is required from the court to change a fictitious doe name.

[3] Target also argues that the Court should analyze the validity of Plaintiff's doe amendment under 28 U.S.C. § 1447(e) and consider six equitable factors. Opp'n 7:8-23. Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This statute is inapplicable here because Glen was added prior to removal.

injury action is two years from the date of injury. Cal. Code Civ. Proc. § 335.1. One exception to the two-year statute of limitations is California Code of Civil Procedure section 474, where a plaintiff who states she is ignorant of a defendant's name in her complaint may amend the pleading accordingly when the defendant's true name is discovered. "When the complaint is amended to substitute the true name of the defendant for the fictional name, the defendant is regarded as a party from the commencement of the suit, provided the complaint has not been amended to seek relief on a different theory based on a general set of facts other than those set out in the original complaint." Munoz v. Purdy, 15 Cal. Rptr. 472, 474-75 (Ct. App. 1979). For the section 474 exception to apply, ignorance of the true name of the defendant must be "real and not feigned." Id. at 475. However, "a plaintiff has no duty to 'exercise reasonable diligence prior to filing the complaint to discover the defendant's identity.'" Balon v. Drost, 25 Cal. Rptr. 2d 12, 15 (Ct. App. 1993)(quoting Snoke v. Bolen, 1 Cal. Rptr. 2d 492, 494 (Ct. App. 1991)); see also Irving v. Carpentier, 11 P. 391, 392 (Cal. 1886)("Whether [the plaintiff's] ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires.").

Plaintiff's injury allegedly occurred on June 26, 2015, and Plaintiff filed her Complaint on June 14,

2017, within the two-year statute of limitations. Plaintiff then filed her FAC on July 21, 2017. Plaintiff did not file her doe amendment until September 20, 2017, three months past the statutory period. Ordinarily, the amendment would not relate back to the original complaint unless Plaintiff was ignorant of Glen's name at the time she filed her Complaint. See Woo v. Superior Court, 89 Cal. Rptr. 2d 20, 25 (Ct. App. 1999)("[I]f the identity ignorance requirement of section 474 is not met, a new defendant may not be added after the statute of limitations has expired even if the new defendant cannot establish prejudice resulting from delay."). In this case, however, when Plaintiff filed her Complaint, she did not know Glen's name and did not have information identifying Glen. Reply 4:4-6. According to Plaintiff, while she received the Guest Incident Report at the time of her alleged injury, she did not carefully review the contents of the Guest Incident Report and subsequently lost it over a year before filing her Complaint. Id. at 4:4-8. Plaintiff had no duty to discover Glen's identity prior to filing her Complaint, and Target has not provided any evidence to show that Plaintiff was guilty of anything more than mere negligence. See Balon, 25 Cal. Rptr. 2d at 15-16 (finding that where defendant gave plaintiff a note with defendant's name at the scene of the accident, and plaintiff subsequently forgot defendant's name when

filing his complaint, the subsequent amended complaint naming defendant related back to satisfy the statute of limitations). Therefore, Plaintiff has satisfied the identity ignorance requirement of section 474.

Ultimately, Plaintiff filed her Complaint, which named doe defendants, within the statutory period. She has not amended the FAC to seek relief against Glen on a different theory based on a general set of facts other than those set out in the original Complaint. Therefore, the amendment relates back to the original filing date, and the statute of limitations does not bar the addition of Glen.

2. <u>Fraudulent Joinder</u>

Target argues that Plaintiff acted in bad faith and fraudulently joined Glen for the sole purpose of preventing federal jurisdiction. Notice of Removal ¶ 8. Defendant bears the burden of establishing fraudulent joinder, <u>McCabe</u>, 811 F.2d at 1339, and doubts as to removability are resolved in favor of remand, <u>see</u> <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Target has not shown by clear and convincing evidence that Plaintiff cannot establish a cause of action against Glen. Under applicable California substantive law, the elements for premises liability and negligence are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury. <u>Kesner v. Superior Court</u>, 384 P.3d 283, 301

(Cal. 2016)(citations omitted). Plaintiff pleaded a duty of care by alleging that each Defendant, including Does, operated, controlled, managed, or maintained the Premises that Plaintiff lawfully entered into as an invitee. FAC ¶¶ 7, 10. Plaintiff pleaded that each Defendant breached that duty by failing to use reasonable care to keep the Target store safe, and by failing to repair, replace, or warn of unsafe conditions of which it had constructive knowledge. Id. ¶¶ 12-13. Finally, Plaintiff pleaded that such breach was the proximate cause of Plaintiff's injuries. Id. ¶¶ 13-15. Plaintiff need not plead Glen's particular conduct because "negligence may be alleged in general terms." Miller v. Pacific Constructors, Inc., 157 P.2d 57, 62 (Ct. App. 1945); see Vreeland v. Target Corp., No. C 09-5673 MEJ, 2010 U.S. Dist. LEXIS 19430, at *10 (N.D. Cal. Feb. 11, 2010)(declining to find fraudulent joinder where there was not an obvious failure to state a cause of action for negligence against individual defendant). Therefore, Plaintiff has sufficiently pleaded a negligence cause of action. See Rannard v. Lockheed Aircraft Corp., 157 P.2d 1, 4 (Cal. 2007)("[I]t is sufficient to allege that an act was negligently done by defendant, and that it caused damage to plaintiff."); see also Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM (FMOx), 2013 U.S. Dist. LEXIS 31036, at *14 (C.D. Cal. Mar. 5, 2013)("[I]f a defendant simply argues that plaintiff

10

has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met.").

Additionally, Target argues that Plaintiff failed to allege individual liability on the part of Glen and that an "employee acting on behalf of the employer cannot be acting in concert with the employer." Opp'n 10:1-3 (citing Fiol v. Doellstedt, 58 Cal. Rptr. 2d 308, 313 (Ct. App. 1996)).[4] In the instant Action, Plaintiff stated a claim against Glen for common law negligence. "[I]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." Perkins v. Blauth, 127 P. 50, 52 (Cal. 1912). Thus, the fact that Glen is an employee of Target does not release her from liability and does not mean Glen was fraudulently joined. See Revay v. Home Depot U.S.A., Inc., No. 2:14-cv-03391-RSWL-AS, 2015 U.S. Dist. LEXIS 35246, at *10 (C.D. Cal. Mar. 19, 2015)(concluding joinder was not fraudulent and refusing to accept argument that corporate store manager was immune from liability for slip and fall because corporation may be held vicariously liable for manager's negligence); Milligan v. Wal-Mart Stores, Inc., 2:14-CV-1739 JCM (CWH), 2014

---

[4] This citation, however, is not applicable to this Action because Fiol speaks to whether a supervisor is personally liable under the Fair Employment and Housing Act. See 58 Cal. Rptr. 2d at 313.

11

U.S. Dist. LEXIS 175728, at *7 (D. Nev. Dec. 17, 2014)(stating that while plaintiff may not ultimately recover against the employee of the corporate defendant, this does not mean that she was fraudulently joined).

Finally, Target asserts that the doe amendment was made in bad faith. However, bad faith is insufficient to show fraudulent joinder because the intention of the party adding a diversity-destroying defendant is immaterial. See Tomback v. Unumprovident Corp., No. C 05-3157 CW, 2005 U.S. Dist. LEXIS 45688, at *4 (N.D. Cal. Oct. 13, 2005)("The burden of the defendant is not to show that the joinder of the non-diverse party was for the purpose of preventing removal because 'it is universally thought that the motive for joining such a defendant is immaterial.'")(quoting Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944)).

Target has failed to meet its heavy burden of demonstrating that there is no possibility that Plaintiff can establish a cause of action against Glen. See Weeping Hollow Ave. Tr., 831 F.3d at 1113; see also Albi, 140 F.2d at 312 ("It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent."). Accordingly, because the doe amendment relates back to the filing of the

12

Complaint and Glen was not fraudulently joined, the addition of Glen destroys complete diversity of citizenship, and this action must be remanded to state court.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand [9].  The matter shall be remanded to the Superior Court of California for the County of Los Angeles, Case No. BC664909.

**IT IS SO ORDERED.**

DATED: November 28, 2017     s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge